**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rocky Vulgamore,<br><br>    Plaintiff,<br><br>vs.<br><br>Tuba City Regional Healthcare Corporation,<br><br>    Defendant. | No. CV-11-8087-PCT-DGC<br><br>**ORDER** |

  Plaintiff Rocky Vulgamore, a registered nurse, has a history of addiction to prescription drugs. He successfully completed a rehabilitation program in February 2008. As part of a program for recovering nurses, Plaintiff is subject to random drug testing, mandatory Alcoholics Anonymous meetings, and worksite monitoring.

  Tuba City is the largest community on the Navajo reservation, located in northeastern Arizona. Defendant Tuba City Regional Health Care Corporation operates a hospital and provides community health services. In May 2010, Defendant offered Plaintiff the position of nurse anesthetist. The offer was withdrawn six months later. The offer was rescinded, according to Plaintiff, because Defendant's credentialing committee felt uncomfortable with his history of drug addiction and determined that there was nothing in Tuba City to keep him sober. *See* Doc. 1 ¶¶ 12-27.

  Plaintiff filed a charge of disability discrimination in January 2011. Doc. 1-1 at 1-3. The EEOC dismissed the charge on the ground that Defendant is a tribal entity.

*Id.* at 4. Plaintiff filed suit in June 2011, asserting disability discrimination in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the ADA Amendments Act of 2008, Pub. L. No. 110-325, and Section 504 of the Rehabilitation Act of 1973, 20 U.S.C. § 794. Doc. 1. Plaintiff seeks injunctive relief and compensatory and punitive damages. *Id.* at 10-11.

Defendant has filed a motion to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Doc. 7. The motion is fully briefed. Docs. 11, 12. Oral argument has not been requested. For reasons that follow, the Court will grant the motion in part and dismiss the case for lack of subject matter jurisdiction based on tribal sovereign immunity.

**I.     Legal Standards.**

"Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978). In practice, this means that Indian tribes "may not be sued absent an express and unequivocal waiver of immunity" by the tribe or by Congress. *Dawavendewa v. Salt River Project*, 276 F.3d 1150, 1159 (9th Cir. 2002) (citing *Santa Clara Pueblo*, 436 U.S. at 58-59). "This immunity applies to the tribe's commercial as well as governmental activities." *Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 725 (9th Cir. 2008) (citing *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754-55 (1998)). Stated differently, "tribal corporations acting as an arm of the tribe enjoy the same sovereign immunity granted to a tribe itself." *Id.*

The question whether sovereign immunity has been waived is, in the first instance, a question of subject matter jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979). The complaint's factual allegations must be accepted as true, but "conclusory allegations of law and

unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

**II.     Analysis.**

Plaintiff admits that Defendant is a tribal entity, that is, Defendant is owned and operated by the Navajo Nation. Docs. 1 ¶ 8, 11 at 12; *see Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 946 (9th Cir. 2004) (noting that the Nation is a federal recognized Indian tribe); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1187-88 (9th Cir. 1998) (finding health services corporation created and controlled by Indian tribes to be "an arm of the sovereign tribes"). Defendant argues, correctly, that "the Nation has not waived its sovereign immunity and Congress has not clearly abrogated tribal sovereign immunity in [disability discrimination] cases." *Dawavendewa*, 276 F.3d at 1159.

The language of the ADA itself leaves no doubt that Congress exempted Indian tribes and tribal entities from Title I coverage when it specified that "[t]he term 'employer does not include . . . a corporation wholly owned by . . . an Indian tribe[.]" 42 U.S.C. § 12111(5)(b)(i); *see Barnes v. Mashantucket Pequot Tribal Nation*, No. 3:06-CV-693 (RNC), 2007 WL 685179, at *1 (D. Conn. Mar. 3, 2007); *Charland v. Little Six, Inc.*, 112 F. Supp. 2d 858, 865 (D. Minn. 2000); *see also Dawavendewa*, 276 F.3d at 1159 n.9 (noting that that the Navajo Nation fell within the scope of the Indian tribe exemption of Title VII); *Pink*, 157 F.3d at 1188 (same with respect to tribal health services corporation).

The ADA Amendments Act of 2008 makes clear that the term "disability" is to be interpreted broadly, *see Rohr v. Salt River Project*, 555 F.3d 850, 853 (9th Cir. 2009), but nothing on the face of that statute purports to subject Indian tribes or tribal entities to the jurisdiction of the federal courts in civil actions for injunctive relief or damages. Nor does Plaintiff present any legal authority or argument that the statute somehow waives tribal sovereign immunity.

The Rehabilitation Act allows suits against a local agency of an Indian tribe, but only where the agency "has an agreement with the designated State agency to conduct a vocational rehabilitation program[.]" 29 U.S.C. § 705(24). "This isolated provision, concerned with a particular kind of program, does not suggest an unequivocal, broad abrogation of tribal immunity with respect to all claims against an Indian tribe." *Barnes*, 2007 WL 685179, at *1. Plaintiff does not allege that the Navajo Nation maintains a covered vocational rehabilitation program. In short, Plaintiff "has pointed to no express provision in the Rehabilitation Act unmistakably demonstrating that Congress intended to abrogate tribal sovereign immunity in these circumstances." *Sanderlin v. Seminole Tribe*, 243 F.3d 1282, 1291 (11th Cir. 2001).

Plaintiff's reliance on *Fleming v. Yuma Regional Medical Center*, 587 F.3d 938 (9th Cir. 2009), is misplaced. That case held only that the Rehabilitation Act applies to independent contractors. 587 F.3d at 941. Nothing in *Fleming* suggests that Congress, in passing the Rehabilitation Act, expressly and unequivocally waived tribal immunity.

Plaintiff asserts that pursuant to the Civil Rights Restoration Act of 1987, Pub. L. No. 100-259, the anti-discrimination provisions of the Rehabilitation Act apply "institution wide." Doc. 11 at 15. Plaintiff cites, and the Court has found, no case in which the Restoration Act has been construed as having waived tribal immunity.

Plaintiff further asserts that by accepting federal funds under the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, Defendant agreed to comply with all federal discrimination laws (Docs. 1 ¶¶ 10-11, 11 at 16), but Plaintiff cites no legal authority in support of this assertion. Nor has Plaintiff otherwise shown that Defendant's acceptance of federal funds constitutes a waiver of tribal immunity on the part of the Navajo Nation. *See Sanderlin*, 243 F.3d at 1286-89 (concluding that a tribe's promise not to discriminate in return for federal financial assistance "in no way constitute[d] an express and unequivocal waiver of sovereign immunity and consent to be sued in federal court").

### III. Conclusion.

"The Supreme Court has repeatedly declared a presumption favoring tribal sovereign immunity." *Demontiney v. United States*, 255 F.3d 801, 811 (9th Cir. 2001) (citing *Santa Clara Pueblo*, 436 U.S. at 58; *Okla. Tax Comm'n v. Citizens Band of Potawatomi Indian Tribe*, 498 U.S. 505, 509 (1991)). "Unless [Plaintiff] satisfies the burden of establishing that [his] action falls within an unequivocally expressed waiver of sovereign immunity by Congress [or the Nation], it must be dismissed." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007). Plaintiff has not met his burden. The Court therefore will grant Defendant's motion to the extent it is brought pursuant to Rule 12(b)(1) and dismiss this action for lack of subject matter jurisdiction. Leave to amend the complaint is denied as futile. *See Pink*, 157 F.3d at 1189.[1]

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 7) is **granted** to the extent it is brought pursuant to Rule 12(b)(1) and **denied** as moot with respect to Rule 12(b)(6).

2. This action is **dismissed** for lack of subject matter jurisdiction.

3. The Clerk is directed to enter judgment accordingly.

Dated this 11th day of August, 2011.

David G. Campbell
United States District Judge

---

[1] Defendant asserts in its reply that it is entitled to an award of attorneys' fees and costs (Doc. 12 at 13), but it is well established that "courts will not consider arguments raised for the first time in a reply brief.'" *Bach v. Forever Living Prods. U.S., Inc.*, 473 F. Supp. 2d 1110, 1122 n.6 (W.D. Wash. 2007) (citing *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 843 n.6 (9th Cir. 2004)); *see Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007).